UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE HORVATH

PLAINTIFF

CIVIL ACTION 22-4463

VERSUS

JURY TRIAL DEMAND

SOLAR REFRIGERATION & APPLIANCE SERVICE, INC.
CORRINE CARUSO, officially and individually
ANTHONY CARUSO, officially and individually

SECT. R MAG. 5

DEFENDANTS

**PLAINTIFF'S ORIGINAL COMPLAINT**   TENDERED FOR FILING

NOV 10 2022

I. **NATURE OF THE CASE**

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Plaintiff files this action for violations of Section 504, the Rehabilitation Act of 1973, 29 U. S. C. section 701-96 et seq., (hereinafter the "Rehabilitation Act") and the Americans With Disabilities Act of 1990, as amended (hereinafter "ADA"), 42 U. S. C. sections 12101-12102, et. seq., sections 12111-12112, et seq., and 42 U. S. C. section 12133.

Fee _____ Pauper
Process _____
X Dktd _____
___ CtRmDep _____
___ Doc.No. _____

1.

1. Plaintiff MICHELLE HORVATH alleges that DEFENDANTS, SOLAR APPLIANCE SERVICE, INC and CORRINE CARUSO, and ANTHONY CARUSO refused to accommodate her reasonable requests for accommodations and then retaliated against her for raising a claim of discrimination and for requesting reasonable accommodations. Plaintiff also complains that Defendant discriminated against her by creating a hostile work environment based on her disability.

2. Plaintiff seeks declaratory relief, compensatory and punitive damages, and reasonable Attorneys fees and costs, pre-judgment and post-judgment interest for Defendants' acts in response to Plaintiff exercising her rights pursuant to the ADA and the Rehabilitation Act.

## II. THE PARTIES

4. PLAINTIFF, MICHELLE HORVATH is a female citizen of the UNITED STATES OF AMERICA, residing in the STATE OF LOUISIANA. She was employed by Defendant, SOLAR APPLIANCE SERVICE, INC. as a customer service representative from July 7, 2019 to June 1, 2020.

5. Upon information and belief Defendant SOLAR APPLIANCE SERVICE, INC is a Louisiana corporation doing business and operation in METAIRIE, Louisiana.

6. Defendant CORRINE CARUSO at all times material was a co-owner and general manager of SOLAR APPLIANCE SERVICE, INC.

2.

7. Defendant ANTHONY CARUSO, at all times material, was a co-owner of Defendant SOLAR REFRIGERATION APPLIANCE SERVICE, INC.

## III. JURISDICTION AND VENUE

11. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. section 1331, as this case involves questions of federal law.

12. Venue is proper in and Defendants are subject to the personal jurisdiction of this court because Defendants maintained facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District, 28 U.S.C. section 1331(b), 42 U.S.C. Section 2000e-5(f)(3).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff, , MICHELLE HORVATH, timely filed charges of discrimination with the UNITED STATES EQUAL EMPLOYMENT COMMISSION (EEOC).

14. On November 17, 2020, Plaintiff filed a Complaint with the EEOC.

15. Plaintiff has timely filed this action and complied with all administrative remedies to bring this lawsuit.

3.

16. On August 18, 2022, EEOC issued Plaintiff a right to sue letter to pursue her claims in federal court.

## V. FACTUAL ALLEGATIONS

12. Plaintiff is a qualified individual with a disability. Plaintiff is currently receiving disability benefits income. She suffers from multiple scelerosis (MS). MS is a disease in which pain is constant and is debilitating. It causes lesions in the brain which attack the nerve endings . As a result, Plaintiff has fallen due to these lesions. This disease kills brain cells daily.

13. On March 30, 2020, Plaintiff was diagnosed with a Stroke and Mutiple Sclerosis after suffering increasingly aggressive symptoms.

14. Plaintiff informed her employer, Defendant Corrine Caruso of her illness on March 31, 2020. Defendant was provided medical documentation and a doctor's note to return to work.

15. From the inception of plaintiff's illness, she advised defendant Corinne Caruso of her symptoms, i. e. she was light-headed, dizzy, had double vision and was dealing with nausea and vomiting. She informed Defendant that she was stumbling and falling like a drunk twenty-four hours a day.

16. Plaintiff still attempted to work, even though she was severely impaired and informed Defendant Corrine Caruso that she was unable to climb the flight of stairs to get to her Desk.

Because of weakness on her right side. Plaintiff requested that she be allowed to work downstairs and also to park in front of the office because she was unable to walk a block and a half away under the Causeway bridge with a walker.

17. Defendant Corrine Caruso denied Plaintiff's request to park in front of the building.

18. Defendant Corrine Caruso never addressed Plaintiff's request to work downstairs.

19. When Plaintiff was initially hired by defendants, she disclosed her disabilities including having an artificial hip on the right side, a need for knee replacement on the left knee, a cervical fusion and reconstructive surgery on her left wristband.

20. There are no handicapped accommodations or parking spaces at the defendant's Metairie facility.

21. Because Defendants refused to accommodate plaintiff's disabilities, plaintiff was forced to walk upstairs to get to her workstation at the Metairie facility. At the job site, plaintiff stumbled around and ran/bumped into walls, and then eventually fell down the stairs on her way home around on or about April 14, 2020. Another employee witnessed the fall.

22. Defendants had accommodated another employee, Nicole Avila, and moved her work Station downstairs when she was recouperating from foot surgery.

23. Each fall by plaintiff was reported to Defendants who refused to accommodate plaintiff.

24. Defendant Corrine Caruso would often make hurtful and abusive comments to Plaintiff about her disability. She accused plaintiff of embellishing her medical issues so that

5.

she could get sympathy from everyone at the job.

25. She blamed plaintiff for a her business suffering financially because plaintiff wasn't in her chair doing her job.

26. Defendant Corrine Caruso made fun of plaintiff's disability, saying she was " afraid of the stairs and didn't want to climb them ."

27. When plaintiff's physician, Dr. Sanchez took plaintiff completely out of work on May 1, 2020, Defendant Corrine Caruso commented " are you really going to sit leisurely around on your Ass and wait for a Doctor's Appointment to come to you? I have an essential business, and you being in your chair and doing your job is essential."

28. Defendant Corrine Caruso accused plaintiff of refusing to return to work. She stated that people work all the time on walkers so there was no reason why plaintiff could not work.

29. Defendant minimized plaintiff's neurological issues stating, " It appears that your issues are not serious, urgent or as life-threatening as you make them sound, and since a neurologist will not see you now, so you can continue to work . I don't see where waiting on a doctor's visit is a Medical issue, or even if the note from Dr. Sanchez I acceptable, so if you're not coming back to work, I will have to hire someone to fill your chair. "

30 . Defendant Corrine Caruso would mock and make fun of plaintiff when she was at work. She began to eavesdrop on plaintiff's telephone calls and make comments about plaintiff's private conversations.

31, Defendant discussed plaintiff's personal medical situation openly where other employees could hear and never did take plaintiff into a private room to discuss her medical situation. Defendant even talked loudly to plaintiff about her medical problems so that others could hear.

32. Defendant Corrine threatened and intimidated plaintiff by doing the following:

    a. threatened to cancel her medical insurance and benefits in less than twenty four hours unless plaintiff did not secure a work release

    b. tried to prevent plaintiff from getting her short term disability;

    c. tried to prevent plaintiff from getting her long term disability;

    d. threatened to fire plaintiff if plaintiff did not give defendant signed authorizations or her personal medical information that she did not have a legal right to;

    e. making unreasonable demands and deadlines;

33. Defendant Corrine Caruso, has threatened to, demanded and bullied plaintiff into signing Multiple authorization forms. She ordered plaintiff to return the forms immediately or be subjected to firing by 5pm one Friday.

34. Every telephone call from defendant Corrine Caruso to plaintiff was hostile, offensive, verbally destructive resulting in the manifestation of physical illness by plaintiff.

35. Unfortunately, plaintiff's neurological symptoms increased due to the harassment, humiliation and retaliatory action by defendant.

37. Plaintiff's doctors never cleared her to return to work and plaintiff was fired by defendant s

7.

On June 1, 2020.

## VI. CAUSES OF ACTION

Count 1- Discrimination under the ADA and the Rehabilitation Act

36. Plaintiff incorporates by reference all of the foregoing allegations in each Of the paragraphs above as if fully set forth herein

37. Plaintiff is a qualified individual within the meaning of the Rehabilitation Act and the ADA.

38. Defendant is an employer and a covered entity pursuant to the Rehabilitation Act and the ADA.

39. Plaintiff was employed by Defendants pursuant to the Rehabilitation Act.

40. Plaintiff has a disability ,multiple sclerosis, a physically impairing condition which substantially limits a major life activity within the meaning of the Rehabilitation Act and the ADA.

41. Defendants discriminated against Plaintiff on the basis of her disability by reprimanding her without cause following her complaints of discrimination and her requests for accommodation and by suspending her without cause following her complaints of discrimination and her requests for accommodation in violation of the Rehabilitation Act and the ADA.

42. As a direct and proximate result of the Defendants' intentionally discriminatory actions, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

43. As a result of Defendant's intentionally discriminatory actions, Plaintiff has suffered and is likely to continue to suffer pecuniary losses, among other things, in the form of lost income and benefits in an amount to be determined at trial.

44. Despite most of the actions plaintiff complains of have been implemented by Defendant Corrine Caruso, Defendant Anthony Caruso, knew or shown have known Of the actions by his co-owner and wife and failed to stop defendant Corrine Caruso's illegal acts.

45. Plaintiff has incurred and will continue to incur attorney's fees, litigation expenses, and costs in pursuing her claims for discrimination under the Rehabilitation Act and the ADA.

9..

## Count 2- Retaliation under the Rehabilitation and the ADA

46. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

47. Defendant Corrine Caruso reprimanded Plaintiff, refused to accommodate her and fired her following her requests for accommodations and her complaints of discrimination based on her disability. As such, Defendant's actions Violated the Rehabilitation Act and the ADA.

48. As a direct and proximate result of Defendant's intentional retaliatory actions, Plaintiff has suffered severe emotional distress, physical and emotional pain suffering, inconvenience, mental anguish and other non-pecuniary losses

49. As a result of Defendants' intentional retaliatory actions, Plaintiff has suffered and is likely to continue to suffer pecuniary loss, among other things, in the form of lost income and benefits in an amount to be determined at t rial.

50. Plaintiff has incurred and will continue to incur attorney's fees, litigation expenses and costs in pursuing her claims for retaliation under the Rehabilitation Act and the ADA.

## Count 3- Failure to Accommodate under the Rehabilitation Act and the ADA

51. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

52. Defendants knew Plaintiff was disabled and knew that Plaintiff had requested accommodations. Defendants did not make a good faith effort to assist Plaintiff in making accommodations.

53. Defendants could have reasonably accommodated Plaintiff, but for its lack of good faith.

54. As a direct and proximate result of Defendants' intentional inaction, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

55. As a result of Defendants' intentional actions, Plaintiff has suffered and is likely to continue to suffer pecuniary loss, among other things, in the form of lost income and benefits in an amount to be determined at trial.

56. Plaintiff has incurred and will continue to incur attorney's fees, litigation expenses and costs in pursuing her claims for retaliation under the Rehabilitation Act and the ADA.

## Count 4- Hostile Work Environment under the Rehabilitation Act and the ADA

57. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

11.

58. Plaintiff was subjected to unwelcome harassment based on her disability when her supervisors fired her, forced her to work without accommodations and refused her requests for accommodations.

59. The harassment complained of affected a term, condition or privilege of Plaintiff's employment in that it, among other affects, affected her ability to succeed at her job and caused and continues to cause her severe emotional distress and fear.

60. Defendant Anthony Caruso knew or should have known of the harassment, based on Plaintiff's multiple complaints, and failed to take prompt, remedial action.

61. As a direct and proximate result of Defendants' intentional actions, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

62. As a result of Defendant's intentional actions, Plaintiff has suffered and is likely to continue to suffer pecuniary loss, among other things, in form of lost income and benefits in an amount to be determined at trial.

63. Plaintiff has incurred and will continue to incur attorney's fees, litigation Expenses and costs in pursuing her claims for retaliation under the Rehabilitation Act and the ADA.

## VI. DAMAGES

64. Plaintiff sustained damages as a result of the actions and/or omissions of Defendants described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages, including lost wages and benefits in the past and future, in an amount that exceeds the minimum jurisdictional limits of this Court. Plaintiff also seeks an award of damages for the mental Anguish and pain and suffering she has suffered, continues to suffer, and will suffer in the future.

65. Additionally, as a result of Defendants' above-referenced actions and/or omissions, Plaintiff was required to retain counsel to protect and enforce her legal rights. Accordingly, Plaintiff also seeks compensation for the attorney's fees, as well as out-of-pocket expenses and costs of Court she will have incurred in this action.

## VII. EXEMPLARY DAMAGES

66. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

13.

## VIII. EQUITABLE RELIEF

In addition to the relief set forth above, Plaintiff seeks equitable relief, including monies due her for hours charged.

## IX. JURY DEMAND

Plaintiff demands a jury on all issues to be tried in this matter.

## X. PRAYER

For the reasons set forth above, Plaintiff, MICHELLE HORVATH, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing to the cause, judgment be entered For the Plaintiff against Defendants for compensatory damages in an amount within the jurisdictional limits of the Court, exemplary damages, together with interest as allowed by law; equitable relief; costs of court, attorney's fees, prejudgment and post-judgment interest provided by law and such other and further relief to which the Plaintiff may be entitled at law or in equity.

14.

Respectfully submitted,

BY: Michelle Horvath

Michelle Horvath,
In proper person
4013 Arizona Avenue
Kenner, La 70065

PLEASE SERVE:

SOLAR REFRIGERAION &APPLIANCE SERVICE, INC.

Through its registered agent for service

Corrine Caruso
3211 metairie Road,
metairie, LA 70001-5214

**CORRINE CARUSO**
**3211 METAIRIE ROAD**
**METAIRIE, LA 70001-5214**

**ANTHONY CARUSO**
**3211 METAIRIE ROAD**
**METAIRIE, LA 70001-5214**