UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE HORVATH                                         CIVIL ACTION

VERSUS                                                   NUMBER: 22-4463

SOLAR REFRIGERATION & APPLIANCE                          SECTION: "R" (5)
SERVICE, INC., ET AL.

## ORDER

Before the Court is the Motion to Compel Discovery Responses and for Appropriate Sanctions (rec. doc. 34) and an attendant motion to expedite (rec. doc. 35) filed by Defendant Solar Refrigeration & Appliance Service, Inc. ("Defendant"). The discovery deadline in this lawsuit was April 2, 2024. (Rec. doc. 28 at 2). Defendant filed this motion to compel on March 28, 2024, seeking to expedite submission of the motion to April 17, 2024, the submission deadline for non-evidentiary dispositive motions. (*Id.*). For the following reasons, Defendant's motion was filed untimely.

Courts generally look to the deadline for completion of discovery in considering whether a discovery motion has been timely filed.[1]  "It is axiomatic that to complete

---

[1] *See Mollinger-Wilson v. Quizno's Franchise Co.*, 122 F. App'x 917, 920, 923, (10th Cir. 2004) (finding no abuse of discretion in district court's holding that pro se plaintiffs' motion to compel depositions was untimely because the deadline for discovery had expired, plaintiffs had not employed previous opportunities to take depositions, and plaintiffs had presented inadequate proof that additional depositions were necessary); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed four months after discovery had closed and after summary judgment motion was filed) (citations omitted); *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 WL 777998, at *5 (6th Cir. 1998) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline) (citation omitted); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court"); *La. Corral Mgmt., L.L.C. v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 2185981, at *3 (E.D. La. Feb. 23, 2023) (denying discovery motions filed two weeks after discovery deadline); *Flynn v. Health Advoc., Inc.*, No. 03-3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005) (holding a motion to compel was untimely as plaintiff filed it seventy-six days after discovery closed and over three weeks after summary judgment motions and plaintiff was aware of deficiencies two months before discovery closed) (citing cases); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399

discovery means that all disputes relative to discovery . . . must be filed and resolved prior to the discovery deadline."[2]  "This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline."[3]

Under this case law, Defendant's motion is untimely because Defendant should have known that any dispute raised by the motion would not be resolved by the discovery deadline, two business days after it filed its motion.  The non-evidentiary motion submission deadline is not the same as the discovery deadline.[4]  The Scheduling Order clearly indicates that all discovery must be **completed** by the April 2, 2024 deadline.  Given that the pre-trial conference is little more than a month away, the Court must deny in part Defendant's motion as untimely.

However, Defendant also seeks its attorneys' fees for having had to file an earlier motion to compel.  This Court granted that motion and reserved Defendant's right to file the appropriate pleading to recover its fees.  (Rec. doc. 32).  Attached to the instant motion is the affidavit of Defendant's counsel in which she attests that she expended 1.6 hours at a rate of $365.00 per hour on the first motion to compel.  (Rec. doc. 34-9).  Taking judicial notice of counsel's experience and the hourly rates in this District, the Court finds that a total of $584.00 in fees for a motion to compel is reasonable.  Accordingly,

---

(N.D. Tex. 2006) (denying motion to compel as untimely when filed two weeks after discovery deadline); *Banks v. CBOCS West, Inc.*, No. 01-0795, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) (holding motion to compel filed two months after the close of discovery was clearly untimely despite busy schedule of counsel because counsel was aware of unresolved issues prior to discovery deadline, opposing party would be prejudiced, and dispositive motions would be delayed); *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (denying a motion to compel discovery filed four months after the discovery deadline and five days before a hearing on a summary judgment motion).

[2] *Parkcrest Builders, L.L.C. v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017) (citing *Fairley v. Wal-Mart Stores, Inc.*, No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016)).

[3] *La. Corral Mgmt.*, 2023 WL 2185981, at *3 (citing *Galliano Marine Serv., L.L.C. v. Schumacher*, No. 17-09868, 2018 WL 3970751, at *1 (E.D. La. June 4, 2018)).

[4] *Fairley v. Wal-Mart Stores, Inc.*, Civ. A. No. 15-462, 2016 WL 2992534, at *3 (E.D. La. May 24, 2016).

**IT IS ORDERED** that the Motion to Compel Discovery Responses and for Appropriate Sanctions (rec. doc. 34) is **DENIED IN PART AS UNTIMELY**.

**IT IS FURTHER ORDERED** that the Motion to Compel Discovery Responses and for Appropriate Sanctions (rec. doc. 34) is **GRANTED IN PART** to the extent that the Court awards Defendant $584.00 in fees expended for the filing of the first motion to compel.

**IT IS FURTHER ORDERED** that the motion to expedite (rec. doc. 35) is **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 10th day of April, 2024.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE