UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE HORVATH                                           CIVIL ACTION

VERSUS                                                     NO. 22-4463

SOLAR REFRIGERATION &                                      SECTION "R" (3)
APPLIANCE SERVICE, INC., ET AL.


### ORDER AND REASONS

Before the Court is defendant Solar Refrigeration & Appliance Service, Inc.'s ("Solar") unopposed motion for summary judgment.[1] For the following reasons, the Court grants the motion.

### I.  BACKGROUND

This case arises from alleged disability discrimination in violation of the Americans with Disability Act ("ADA") and the Rehabilitation Act by defendant Solar. The undisputed facts in the record show that Solar hired plaintiff in January 2019 as a customer service representative ("CSR").[2] Her duties included handling incoming calls, emails, and website requests, and forwarding information received from customers to appliance repair

---

[1]  R. Doc. 39.
[2]  R. Doc. 39-2 at 8-9.

technicians dispatched by Solar.[3] Plaintiff worked without issue until March 25, 2020, when she called to report that she was not feeling well and would not be reporting for work.[4] Plaintiff did not report to work again until April 15, 2020.[5] She worked without issue from April 15, 2020, until April 30, 2020.[6] Plaintiff did not report for work again after April 30, 2020.[7]

On July 15, 2020, plaintiff informed Solar via email that she had been diagnosed with multiple sclerosis, and that her doctor would "keep [her] out of work with no estimated return date."[8] Plaintiff further noted that Solar had offered her the option to work downstairs, but that this would not be a sufficient accommodation because she could not drive.[9] Plaintiff further stated that she could not work from home due to her symptoms.[10] In a July 16, 2020, email, plaintiff noted that she "had hoped to be able to return to work," but would not be able to as a result of the neurological symptoms.[11] On August 5, 2020, Solar requested authorization to contact plaintiff's medical providers to gather information concerning plaintiff's medical

---

[3]   *Id.*
[4]   R. Doc. 39-20 ¶¶ 8, 10.
[5]   *Id.* ¶ 17.
[6]   R. Doc. 39-2 at 23.
[7]   *Id.* at 13.
[8]   R. Doc. 39-15 at 1.
[9]   *Id.*
[10]  *Id.*
[11]  R. Doc. 39-13.

condition, when she might be able to return to work, and what accommodations may be necessary.[12] Plaintiff responded by email that she would not authorize Solar to contact her medical providers, because "no modifications or accommodations . . . c[ould] be made" that would allow her to return to work.[13] On October 26, 2020, Solar notified plaintiff that her employment would be terminated, effective October 31, 2020, more than six months after plaintiff's last day at work.[14]

Plaintiff brings eight claims: disability discrimination under the ADA and the Rehabilitation Act, retaliation under the ADA and the Rehabilitation Act, failure to accommodate under the ADA and the Rehabilitation Act, and hostile work environment under the ADA and the Rehabilitation Act.[15] She seeks unspecified declaratory relief, as well as compensatory damages including lost wages, past and future benefits and pain and suffering, and punitive damages.[16] Defendant now moves for summary judgment, alleging that plaintiff cannot demonstrate a genuine issue of material fact that might entitle her to relief on any of her claims.[17]

---

[12]  R. Doc. 39-10 at 1.
[13]  R. Doc. 39-11 at 1.
[14]  R. Doc. 39-9.
[15]  R. Doc. 1 ¶¶ 36-63.
[16]  *Id.* ¶¶ 64-66.
[17]  R. Doc. 39.

The Court considers the motion below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075

(noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party must put forth evidence that would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991) (internal quotation marks omitted)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at

5

325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). If the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Id.* In determining whether the movant has met its burden, the Court may accept its evidence as undisputed. *Morgan*,

114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)).

## III. DISCUSSION

### A. Rehabilitation Act

Defendant contends that all of plaintiff's claims under the Rehabilitation Act should be dismissed because Solar is not a federal employer and plaintiff never received any federal funds for her employment.[18]

By its terms, the Rehabilitation Act prohibits discrimination against disabled persons "under any program or activity receiving Federal financial assistance or under any program or activity conducted by an Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a); *see also Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002) ("[T]he Rehabilitation Act prohibits discrimination against the disabled *by recipients of federal funding*" (emphasis added)). To prevail on a Rehabilitation Act claim, a plaintiff must show that a private defendant accepts federal financial assistance. *See Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 619 (5th Cir.

---

[18] R. Doc. 39 at 10.

2020) (affirming dismissal of Rehabilitation Act claims for failure to allege receipt of federal benefits).

Here, plaintiff presents no evidence indicating that Solar receives federal funds. Further, in her deposition, plaintiff stated that she "had no idea" whether Solar did any work with federal employees and that she herself was not a federal employee or a federal contractor.[19] Accordingly, the Court finds that plaintiff has not met her burden to demonstrate a genuine issue of material fact with respect to this element of her Rehabilitation Act claims, and those claims must be dismissed.

## B. Discrimination

Defendant contends that plaintiff's discrimination claims under the ADA must be dismissed because she has not put forward evidence creating a genuine issue of material fact with respect to whether she was a qualified individual or whether Solar took any adverse employment actions towards her on the basis of her disability.[20]

To prevail on a discrimination claim under the ADA, a plaintiff must demonstrate: (1) that she has a disability, (2) that she is qualified for the

---

[19] R. Doc. 39-2 at 40-41.
[20] R. Doc. 39 at 13-15.

8

position of employment, and (3) she was discriminated against because of her disability. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 222 (5th Cir. 2011). A qualified individual is one who, "with or without reasonable accommodations, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). A function is "essential" if "it bears 'more than a marginal relationship' to the employee's job." *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014).

The undisputed facts in the record show that plaintiff could not perform the essential functions of her job as a CSR with or without accommodations. In her deposition, plaintiff repeatedly affirmed that, after the last day she reported for work, April 30, 2020, her neurological and vision issues rendered her unable to work, regardless of any accommodation.[21] Plaintiff stated that she never provided Solar with a list of accommodations that might allow her to return to work after April 30, 2020, because "[t]here were no accommodations to be made . . . I did[ not] even know if I could return in any form or capacity."[22] Similarly, plaintiff

---

[21] R. Doc. 39-2 at 14-18 ("[A]s days went by, my symptoms increased substantially and my doctor, even though I was still falling in my home, felt with my vision issues and my neurological issues, he would not release me to even work from home. I couldn't look at a computer screen anyway . . . ")

[22] *Id.* at 21.

stated that she did not work at any point in any capacity after May 1, 2020, because she "was unable to physically work."[23] Plaintiff insisted that her medical team has told her since May 1, and continues to tell her, that she cannot work, even from home.[24] In a response to an August 5, 2020 letter asking plaintiff to complete authorization forms so that Solar could obtain documentation concerning plaintiff's disability, and inquire into plaintiff's doctors' perspectives on when she might be able to return to work, plaintiff wrote that she would not authorize Solar to contact her medical providers, and that "[a]s of now, there are no modifications or accommodations that can be made because I am unable to return to work."[25] Accordingly, the Court finds that plaintiff cannot meet her burden of establishing a genuine issue of material fact as to whether she was a qualified individual. *Amsel v. Tex. Water Dev. Bd.*, 464 F. App'x 395, 400 (5th Cir. 2012) (holding that plaintiff was not a qualified individual because he "was not able to come to work and had not been in the office for months at the time of his discharge").

### C. Retaliation

---

[23] *Id.* at 29.
[24] *Id.* at 36-39.
[25] R. Docs. 39-10 & 39-11.

10

Defendant contends that plaintiff's retaliation claim should be dismissed because, first, plaintiff is not a qualified individual; second, plaintiff cannot demonstrate that she was engaged in a protected activity; and third, plaintiff cannot demonstrate a causal connection between her requests for accommodation and her termination.[26]

To establish a retaliation claim under the ADA, a plaintiff must show (1) that she was engaged in activity protected by the statute, (2) an adverse employment action, and (3) a causal connection between the two. *January v. City of Huntsville*, 74 F.4th 646, 653 (5th Cir. 2023). A plaintiff need not be a "qualified individual" under the ADA to prevail on a retaliation claim as long as she has a "good faith belief that the [ADA] has been violated." *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008) (internal quotations omitted) (quoting *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264 (10th Cir. 2001)).

Plaintiff submits no evidence that she engaged in protected activity or that there was a causal connection between any protected activity she may have engaged in and her termination. First, the Court finds that plaintiff has not met her burden to demonstrate a genuine issue of material fact with respect to whether she was engaged in a protected activity. The undisputed

---

[26] R. Doc. 39 at 15-16.

facts in the record reflect that plaintiff refused Solar's offers for accommodation and did not request any herself.[27] There is no evidence to suggest that plaintiff complained of disability discrimination by Solar until November 17, 2020, after her termination, when she filed her complaint with the Equal Employment Opportunity Commission.[28] Second, the Court finds that plaintiff has not met her burden to demonstrate a genuine issue of material fact with respect to the causal link between her termination and any protected activity she may have engaged in. In fact, plaintiff offers no evidence to support this causal link. *Perkins v. Child Care Assocs.*, 751 F. App'x 469, 474 (5th Cir. 2018) (noting that, in the context of an analogous FMLA retaliation claim, "[t]his court has held that a period of five months between the protected activity and the adverse action is too long" to establish causation). Accordingly, the Court finds that Solar is entitled to summary judgment on the retaliation claim.

### D. Failure to Accommodate

---

[27] *See* R. Doc. 39-15 (plaintiff notes in an email that Solar offered her the option to work downstairs, but she declined because she could not drive)
[28] R. Doc. 1 ¶¶ 13-16.

Defendant contends that plaintiff's failure to accommodate claim should be dismissed because plaintiff is not a qualified individual, cannot show that she requested accommodations from Solar, and did not cooperate with Solar in identifying and implementing appropriate accommodations.[29]

To establish a failure to accommodate claim under the ADA, a plaintiff must show: (1) she is a qualified individual with a disability, (2) the disability and its limitations were known by the employer, and (3) the employer failed to make reasonable accommodations for the limitations. *Weber v. BNSF Ry. Co.*, 989 F.3d 320, 323 (5th Cir. 2021).

Because the Court has found that plaintiff has not met her burden to show a genuine issue of material fact with respect to whether she is a qualified individual, Solar is entitled to summary judgment on the failure to accommodate claim. *Clark v. Charter Commc'ns, L.L.C.*, 775 F. App'x 764, 767 (5th Cir. 2019) (affirming summary judgment on failure to accommodate claim because plaintiff was not a qualified individual).

### E.  Hostile Work Environment

Defendant contends that plaintiff's hostile work environment claim should be dismissed because plaintiff has no evidence of hostile conduct by

---

[29]  R. Doc. 39 at 16-19.

13

Solar, stated that she enjoyed working for Solar, and simply realleges the allegations of her discrimination claim to support her hostile work environment claim.[30]

To establish a claim for a hostile work environment under the ADA, a plaintiff must show (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment was based on her disability; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action. *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001). To state a claim, the disability harassment "must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003) (internal quotations omitted) (quoting *Flowers*, 247 F.3d at 236). "Conduct that is 'insensitive and rude,' including 'hard words or cold-shouldering,' does not rise to the level of actionable harassment." *Clark*, 775 F. App'x at 768 (affirming grant of summary judgment on disability harassment claim when plaintiff demonstrated that a coworker raised his voice at her, and her coworkers made rude remarks to her).

---

[30] R. Doc. 39 at 19-21.

In response to the summary judgment motion, plaintiff points to no evidence of harassment. *See Credeur v. Louisiana Through Off. of Att'y Gen.*, 860 F.3d 785, 796 (5th Cir. 2017) (noting that, to prevail on ADA disability harassment claim, a plaintiff must generally show conduct that is "'physically threatening or humiliating' or . . . offensive" (quoting *Flowers*, 247 F.3d at 236)). Further, plaintiff stated in her deposition that she "loved working for Solar," and that she "loved working for the" general manager of Solar, who plaintiff alleges in her complaint was responsible for the harassment.[31] Although plaintiff states in her deposition that she perceived as harassment questions about when she would return to work or what kinds of accommodations she may need because "[t]he emails were kind of aggressive," and the "conversations were aggressive,"[32] the nature of the conversations were not harassing, and plaintiff points to no other evidence of harassment. Further, throughout the six-month period between plaintiff's last day of work and her termination, Solar repeatedly offered plaintiff accommodations and kept her job open, and plaintiff continued to seek to return to work there, although she was unable to. *See Clark*, 775 F. App'x at 769 (affirming summary judgment on disability harassment claim and

---

[31]   R. Doc. 39-2 at 11-12.
[32]   *Id.* at 33-34.

15

noting that alleged harassment must be considered in the context of employer's "willingness to grant accommodations"). The Court finds that plaintiff has not met her burden to demonstrate a genuine issue of material fact that she was subjected to actionable harassment, and Solar is entitled to summary judgment on the claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this _30th_ day of April, 2024.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE